# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3942 | **DATE** | 7/11/2001 |
| **CASE TITLE** | Thomas J. Moriarty, et al vs. Hickey Memorial Chapels, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss (Doc. No. 13-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | 22 |
| | Notified counsel by telephone. | | date docketed 2001 | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 7/11/2001 | |
| ETV | courtroom deputy's initials | 01 JUL 12 PM 4:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. MORIARTY, Trustee on behalf )
of the Teamsters LOCAL UNION NO. )
727 I.B.T. PENSION TRUST, the )
TEAMSTERS LOCAL UNION NO. 727 )
HEALTH & WELFARE FUND, and )
the TEAMSTERS LOCAL UNION )
NO. 727 LEGAL ASSISTANCE TRUST, )
)
    Plaintiff, )
)
vs. )
)
HICKEY MEMORIAL CHAPELS, LTD., )
)
    Defendant. )

JUL 1 3 2001

No. 00 C 3942

Judge
Rebecca R. Pallmeyer

## MEMORANDUM OPINION AND ORDER

This is an action brought by Thomas Moriarty, in his capacity as Trustee of the Teamsters Local Union No. 727 (the "Union") I.B.T. Pension Trust, Health & Welfare Fund, and Legal Assistance Trust (collectively, the "Funds"), against Hickey Memorial Chapels, Ltd. ("Hickey"), to compel an audit and collect employer contributions to the Funds. This court dismissed Moriarty's original complaint on August 17, 2000, for failure to state a claim upon which relief could be granted. Moriarty then filed a First Amended Complaint which Hickey now moves to have dismissed as well. As with all motions to dismiss, the court takes as true any well-plead factual allegations and draws all reasonable inferences in Moriarty's favor. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000).

22

Moriarty filed his original complaint on June 28, 2000, alleging the following: from January 1, 1990 through November 10, 1999, Hickey was a member of the Funeral Directors Services Association of Greater Chicago ("FDSA"), a multi-employer association of approximately 250 funeral homes and related businesses; the FDSA and the Union entered into a series of collective bargaining agreements ("CBAs") which require FDSA employer-members to contribute to the Funds (Compl. ¶¶ 11, 12); and, "as an association member, [Hickey] authorized the [FDSA] to negotiate on its behalf with the Union." (*Id.* ¶ 15.) As evidence of this authorization, Moriarty alleged that the FDSA had sent to Hickey (i) letters about collective bargaining negotiations (*id.* ¶ 16); (ii) copies of the actual CBAs with a cover letter stating that the CBAs applied to every member of the FDSA (*id.* ¶ 17); and (iii) newsletters advising of the effective dates of changes in wage rates and fringe benefit fund contributions due pursuant to the CBAs. (*Id.* ¶ 18.)

On July 19, 2000, Hickey filed a motion to dismiss, arguing that, based on the Seventh Circuit's decision in *Moriarty v. Glueckert Funeral Home, Ltd.*, 155 F.3d 859 (7th Cir.1998) ("*Glueckert I*"), Moriarty had not stated a claim upon which relief could be granted. *Glueckert* was another case filed by Moriarty involving, for all intents and purposes, the same allegations as we have here: the defendant, another member of the FDSA, allegedly owed payments to the Funds. Reversing a judgment in favor of Moriarty, the Seventh Circuit held that, in order for Moriarty to establish liability, he needed to show that defendant had demonstrated an "unequivocal intention" to

authorize the FDSA to enter into the CBAs at issue on defendant's behalf. The court listed the following factors as relevant to such a determination: whether the individual member participated in the collective bargaining process; whether the individual member closely monitored the collective bargaining negotiations; whether the individual member pursued an independent course of action with respect to labor relations; and whether the individual member adhered to the terms of the relevant CBA(s). The court remanded the case for further proceedings under this standard, concluding that the evidence offered by Moriarty on the issue (evidence substantially consistent with the allegations in his original complaint here) was insufficient. The case, consolidated with two other similar cases filed by Moriarty, soon returned to the Seventh Circuit. *See Moriarty v. Glueckert Funeral Home, Ltd.*, 202 F.3d 274, 2000 WL 32004 (7th Cir. 2000) ("*Glueckert II*"). On January 12, 2000, in an unpublished opinion, the Seventh Circuit affirmed the district courts' judgments in favor of the defendants in each of these three cases.

In the case before this court, on August 17, 2000, the court dismissed Moriarty's complaint without prejudice because Moriarty had not alleged that it was Hickey's "unequivocal intention" to authorize the FDSA to enter into CBAs on its behalf. Moreover, in light of the Seventh Circuit's decisions against Moriarty on the merits, the court requested that, if Moriarty were to file an amended complaint, he indicate how Hickey presented a different circumstance.

On September 28, 2000, Moriarty filed his First Amended Complaint. This Amended Complaint includes an allegation that Hickey, "in various ways, manifested

- 3 -

its unequivocal intent to be bound by the Association's bargaining of the Agreements with the Union." (First Am. Compl. ¶ 14.) Moriarty added other allegations which further demonstrate an attempt to meet the standard outlined in *Glueckert I*. For example, he alleges that Hickey "participated in the collective bargaining process through its right to control [FDSA] bargaining," (*id.* ¶ 18), and "closely monitored labor negotiations . . . through information it accessed through its [FDSA] membership." (*Id.* ¶ 21.) Finally, Moriarty added the following allegation which, he believes, helps distinguish this case from *Glueckert I* and *II*: on February 28, 1997, the FDSA mailed a Q&A letter on the FDSA's role as a multi-employer bargaining representative, yet Hickey did not withdraw from the FDSA until nearly three years after it received the letter. (*Id.* ¶¶ 23-26.)

The court has grave doubt concerning these conclusory amendments, and no confidence that Moriarty will be able to present evidence sufficient to establish Hickey's liability under Seventh Circuit law. Moriarty nevertheless argues that his Amended Complaint is sufficient to at least survive Hickey's motion to dismiss, and offers the court an oral ruling of Judge Harry Leinenweber to support this argument. Faced with these same amendments ("several conclusory paragraphs and one new assertion") in the case of *Moriarty v. Opyt*, Judge Leinenweber denied the defendant's motion to dismiss, determining that in light of the "very liberal" pleading regime of the federal courts, "Moriarty has overcome his original Complaint's fatal flaw." *Moriarty v. Opyt*, No. 00 C 3517 (N.D. Ill. Jan. 30, 2001). With some reservations, the court

reaches the same conclusion here, but cautions that Moriarty, as Trustee, should himself have access now to facts that distinguish this case from *Glueckert*. If the court learns that this is not the case, it will seriously entertain any Rule 11 motion filed by Hickey.

Accordingly, Hickey's motion to dismiss (Doc. 13-1) is denied.

ENTER:

Dated: July 11, 2001

REBECCA R. PALLMEYER
United States District Judge